Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)
Daniel D. Schaeffer (DC Bar # 208991)
Fragomen, Del Rey, Bernsen & Loewy, LLP
1101 15th St. NW, Suite 700
Washington, DC 20005
Phone (202) 223-5515
Fax (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com
dschaeffer@fragomen.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jessica Kayll** ) <br> 28 Randolph Street ) <br> London NW1 0SR ) <br> United Kingdom ) <br>  ) <br> **Plaintiff,** ) <br> v. ) <br>  ) <br> **U.S. Department of Homeland Security** ) <br> 245 Murray Lane, SW ) <br> Mail Stop 0485 ) <br> Washington, DC 20258-0485 ) <br>  ) <br> **U.S. Department of Homeland Security** ) <br> **U.S. Customs and Border Protection** ) <br> 1300 Pennsylvania Ave., NW ) <br> Washington, DC 20229 ) <br>  ) <br> **Defendants.** ) | Civil No.    1:22-cv-2830 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jessica Kayll, by and through undersigned counsel, hereby alleges as follows:

1. This Complaint seeks injunctive and other appropriate relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, Plaintiff seeks to compel U.S. Customs and Border Protection ("CBP") to comply with its obligations under FOIA to release agency records relating to Ms. Kayll's immigration matters that she requested nearly four months ago, and that Defendant has since improperly withheld.

## PARTIES

2. Plaintiff Jessica Kayll is a citizen and national of the United Kingdom and currently resides in London.

3. Defendant U.S. Department of Homeland Security ("DHS") is a federal department bearing responsibility for administration and enforcement of the nation's immigration laws.

4. Defendant CBP is an executive law enforcement agency bearing relevant responsibility for (i) the administration and enforcement of U.S. immigration laws; and (ii) the maintenance of records relating to, *inter alia*, such actions. Defendant is an "agency" for purposes of 5 U.S.C. § 552(f)(1) and has possession, custody, and/or control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

5. The Court has both subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Subject matter jurisdiction further lies under 28 U.S.C. § 1331 because this Matter presents a question of federal law.

6. Venue properly lies in this judicial district under 5 U.S.C. § 552(a)(4)(B) due to the nature of this Matter, and under 28 U.S.C. § 1391(e) because Defendants are agencies of the federal Executive Branch.

**PLAINTIFF'S FOIA REQUEST AND DEFENDANTS' FAILURE TO RESPOND**

7. On May 20, 2022, Plaintiff, through counsel, filed a FOIA request with Defendant CBP seeking records relating to her in CBP's possession, custody, or control.

8. Specifically, Ms. Kayll requested records pertaining to Defendant CBP's handling of her nonimmigrant visa, related information maintained in Defendant CBP's databases, as well as any related correspondence between Defendant CBP and the U.S. Department of State.

9. By letter dated June 7, 2022, Defendant CBP confirmed the agency received Plaintiff's FOIA request on May 20, 2022, and provided tracking number CBP-2022-081700.

10. Having heard nothing prior to CBP's statutory deadline to respond, counsel to Plaintiff sent a follow-up request to Defendant CBP on July 29, 2022, regarding the status of the pending FOIA request.

11. More than a month later, counsel to Plaintiff sent another follow-up request to Defendant CBP on August 31, 2022. Defendants have not responded to either request, nor has it provided any rationale for its ongoing delay.

12. On information and belief, Defendants lack any reason to delay Plaintiff's request, as she simply requests records that Defendant CBP maintains relating to her admissibility to the United States.

13. On information and belief, the records responsive to Plaintiff's request are not voluminous.

14. On information and belief, Plaintiff's request does not encompass any classified materials.

## DEFENDANTS' FAILURE TO COMPLY WITH FOIA

15. To date, Defendants have not provided the records requested by Plaintiff in her FOIA request, notwithstanding FOIA's requirement that an agency to respond within 20 working days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

16. Defendants have not provided the Plaintiff with any information as to why her FOIA request is delayed, when Plaintiff can expect the records she requested, or what justifies the ongoing delay.

17. Defendants have not contacted Plaintiff to inform her of any delay in processing her request or of any unusual circumstances that CBP may have encountered in processing her request.

18. As of the date of this Complaint, nearly four months have passed since Defendants received Plaintiff's FOIA request. Defendants long ago exceeded their statutory 20-business-day response deadline, which passed on June 20, 2022. Defendant CBP has nevertheless not provided any substantive response or produced any documents responsive to Plaintiff's FOIA request.

19. Defendant CBP has wrongfully withheld the requested records from Plaintiff.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION – VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

20. The allegations contained in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

21. Defendants are agencies subject to FOIA. *See* 5 U.S.C. §§ 551(1), 552(f)(1).

22.     Plaintiff has sought records that are within Defendants' possession, custody, and/or control for purposes of FOIA.

23.     Defendants failed to make a timely determination regarding Plaintiff's initial request within the statutory timeframe.  *See* 5 U.S.C. § 552(a)(6)(A).

24.     Plaintiff is deemed to have exhausted applicable administrative remedies with respect to her request under the terms of the FOIA statute because Defendants have "fail[ed] to comply with the applicable time limit provisions."  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## SECOND CAUSE OF ACTION – IMPROPER WITHHOLDING OF AGENCY RECORDS UNDER FOIA

25.     The allegations contained in the above-entitled paragraphs are repeated and incorporated as though fully set forth herein.

26.     Plaintiff seeks records that are within Defendant's possession, custody, and/or control for purposes of FOIA.

27.     Defendants have failed to provide proper access to or copies of records responsive to Plaintiff's request in violation of FOIA.  *See* 5 U.S.C. § 552(a)(3).

## PRAYER FOR RELIEF

Plaintiffs hereby pray for relief as follows:

1.     That the Court order Defendants to disclose all records or portions thereof to which Plaintiff is entitled under FOIA;

2.     That the Court issue a declaration stating that Plaintiff is entitled to disclosure of the requested records;

3.     That the Court award Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

4.       That the Court provide further relief as it deems appropriate, just, and equitable.

DATED September 16, 2022                  Respectfully submitted,

/s/ Daniel D. Schaeffer

Daniel D. Schaeffer (DC Bar # 208991)
Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)
Fragomen, Del Rey, Bernsen & Loewy LLP
1101 15th St. NW Suite 700
Washington, DC  20005
Phone: (202) 223-5515
Fax: (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com
dschaeffer@fragomen.com

*Attorneys for Plaintiff*