UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESSICA KAYLL,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

Civil Action No. 22-2830 (JDB)

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................. 1

**BACKGROUND** .................................................................................................................. 1

    I.     FOIA Request ............................................................................................................. 1

    II.    Section 222(f) of the Immigration and Nationality Act ........................................... 2

    III.   CBP Admissibility Review Office ............................................................................ 2

**LEGAL STANDARD** .......................................................................................................... 3

**ARGUMENT** ....................................................................................................................... 4

**CONCLUSION** .................................................................................................................... 8

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................................................3

*Bureau of Nat'l Affairs, Inc. v. Dep't of Just.*,
742 F.2d 1484, 1490 (D.C. Cir. 1984).......................................................................................5

*Burka v. Dep't of Health & Hum. Servs.*,
87 F.3d 508 (D.C. Cir. 1996).....................................................................................................4

*Cause of Action Inst. v. Nat'l Oceanic & Atmospheric Admin.*,
Civ. A. No. 19-1927 (TSC), 2023 WL 3619345 (D.D.C. May 24, 2023)..................................4

*Cause of Action Inst. v. Off. of Mgmt. & Budget*,
10 F.4th 849 (D.C. Cir. 2021)....................................................................................................4

*Danik v. Dep't of Just.*,
463 F. Supp. 3d 1 (D.D.C. 2020)...............................................................................................5

*Democracy Forward Found. v. Gen. Servs. Admin.*,
393 F. Supp. 3d 45 (D.D.C. 2019).............................................................................................8

*Dep't of Just. v. Tax Analysts*,
492 U.S. 136 (1989)..................................................................................................................4

*Engergy Pol'y Advocs. v. Dep't of the Interior*,
Civ. A. No. 21-1411 (JDB), 2023 WL 2585761 (D.D.C. Mar. 21, 2023)..................................7

*Evans v. Fed. Bureau of Prisons*,
951 F.3d 578 (D.C. Cir. 2020)...................................................................................................3

*Forsham v. Harris*,
445 U.S. 169 (1980)..................................................................................................................7

*Jud. Watch, Inc. v. Fed. Hous. Fin. Agency*,
646 F.3d 924 (D.C. Cir. 2011)...................................................................................................5

*Medina-Hincapie v. Dep't of State*,
700 F.2d 737 (D.C. Cir. 1983)...................................................................................................2

*Soto v. Dep't of State*,
Civ. A. No. 14-0604 (RDM), 2016 WL 3390667 (D.D.C. June 17, 2016) ...............................2

*Vizcarra Calderon v. Dep't of Homeland Sec.*,
Civ. A. No. 18-0764 (CRC), 2020 WL 805212 (D.D.C. Feb. 18, 2020)...................................2

**STATUTES**

5 U.S.C. § 552 ................................................................................................................................ 1

8 U.S.C. § 1202(f) ................................................................................................................. 2, 4, 8

**RULES**

Fed. R. Civ. P. 56 ....................................................................................................................... 1, 3

INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, the U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP" or "Agency") (collectively "Defendants") move for summary judgment on Jessica Kayll's ("Plaintiff") claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

BACKGROUND

I. **FOIA Request**

On May 20, 2022, Plaintiff, through counsel, filed a FOIA request with CBP seeking records relating to her in CBP's possession, custody, or control. *See* Compl. ¶ 7, ECF No. 1. Specifically, Plaintiff requested the following:

> We are requesting any and all information and documents pertaining to Ms. Jessica Kayll's admissibility and the revocation of her F-1 visa. We are also requesting information regarding the April 2022 denial of her nonimmigrant visa waiver by the Admissibility Review Office. Please provide any and all (1) information contained in TECS and/or other databases relating to Ms. Jessica Kayll; and (2) related communications between CBP and/or US Department of State and/or Immigration and Customs Enforcement.

CBP first produced seventeen pages of records to Plaintiff on October 19, 2022, via the Agency's website. *See* Joint Status Report (Feb. 21, 2023), ECF No. 13. On December 14, 2022, CBP produced an additional fourteen pages of responsive records after performing a supplemental search with the Field Operations Office. *Id.* On May 19, 2023, CBP produced an additional three pages of responsive records after a supplemental search within the Admissibility Review Office. The productions each contained redactions under Exemptions 6, 7(C), and 7(E).

Throughout the litigation, Plaintiff repeatedly has claimed that records pertaining to the Admissibility Review Office must exist and the Agency was violating FOIA by not producing them. *See* Joint Status Report (Mar. 15, 2023), ECF No. 14. CBP has responded, on the other hand, that any such records are not CBP records within the meaning of FOIA but are instead State

Department records. *Id.* Plaintiff has indicated that she is not challenging any of the prior productions or exemptions. Therefore, the only issue before the Court is whether any record created by the CBP Admissibility Review Office for the State Department to perform its visa adjudication duties is a CBP record within the meaning of FOIA. For the reasons explained below, it is not.

## II.     Section 222(f) of the Immigration and Nationality Act

Under section 222(f) of the Immigration and Nationality Act (codified at 8 U.S.C. § 1202(f)), "records . . . pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential[.]" 8 U.S.C. § 1202(f). "The D.C. Circuit long ago held that section 222(f) qualifies as a nondisclosure statute under Exemption 3." *Vizcarra Calderon v. Dep't of Homeland Sec.*, Civ. A. No. 18-0764 (CRC), 2020 WL 805212, at *2 (D.D.C. Feb. 18, 2020) (citing *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 740-43 (D.C. Cir. 1983)). "Section 222(f) of the INA encompasses more than just the information found on a visa application; it also includes any 'information revealing the thought-processes of those who rule on the application.'" *Id.* (quoting *Medina-Hincapie*, 700 F.2d at 744). And, as is relevant here, section 222(f) includes not just information about the decision to issue or refuse a visa, but information about the decision to revoke one as well. *See Soto v. Dep't of State*, Civ. A. No. 14-0604 (RDM), 2016 WL 3390667, at *2 (D.D.C. June 17, 2016).

## III.    CBP Admissibility Review Office

When a nonimmigrant seeks admission to the United States but is ineligible, the Secretary of State or a consular officer may recommend to the CBP Admissibility Review Office a waiver of the ineligibility. The Secretary or consular officer recommends the waiver through the Admissibility Review Information Service (called "ARIS"), which is a feature of the Non-Immigrant Visa System, which in turn is a software application in the Consular Consolidated

Database, which in turn is a State Department database. Rasinski Decl. ¶ 5; Stein Decl. ¶ 3-4; *see also* 9 Foreign Affairs Manual 305.4 – Processing Waivers, https://fam.state.gov/FAM/09FAM/09FAM030504.html#M305_4_3_C. An employee from the Admissibility Review Office will review the waiver recommendation, consult any relevant information or records within his or her possession, and likewise render a decision back to the State Department through the Admissibility Review Information Service. Rasinski Decl. ¶ 6. The Admissibility Review Office does not maintain the full record of its decision and justification in any of its own databases. Rasinski Decl. ¶ 12. The decision is intended solely for the State Department to perform its visa adjudication duties.

**LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Id.* Although all inferences are taken in a light most favorable to the nonmoving party, a party opposing summary judgment may not rest on allegations or denials from its pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 255-56.

In a FOIA case, summary judgment may be granted "on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) (citation omitted).

3

## ARGUMENT

The pertinent record pertaining to the CBP Admissibility Review Office and its decision about a State Department waiver recommendation through the Admissibility Review Information Service is not a CBP record under FOIA; it is a State Department record pertaining to a visa adjudication that is exempt under Exemption 3 and 8 U.S.C. § 1202(f), i.e., section 222(f) of the Immigration and Nationality Act.

"The Supreme Court has set forth two criteria for requested materials to qualify as agency records under FOIA." *Cause of Action Inst. v. Nat'l Oceanic & Atmospheric Admin.*, Civ. A. No. 19-1927 (TSC), 2023 WL 3619345, at *3 (D.D.C. May 24, 2023). "First, an agency must either create or obtain the requested materials." *Id.* (quoting *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144 (1989)). "Second, the agency must be in control of the requested materials at the time the FOIA request is made." *Id.* (quoting *Tax Analysts*, 492 U.S. at 145). "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records.'" *Id.* (quoting *Tax Analysts*, 492 U.S. at 142 n.3).

To determine whether an agency "controls" the records sought, the D.C. Circuit looks at four factors:

(1) the intent of the document's creator to retain or relinquish control over the records;

(2) the ability of the agency to use and dispose of the record as it sees fit;

(3) the extent to which agency personnel have read or relied upon the document; and

(4) the degree to which the document was integrated into the agency's record system or files.

*Cause of Action Inst. v. Off. of Mgmt. & Budget*, 10 F.4th 849, 855 (D.C. Cir. 2021) (quoting *Burka v. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)). The ultimate question of

whether a document is an agency record is akin to a totality of the circumstances test. *Id.* (citing *Bureau of Nat'l Affairs, Inc. v. Dep't of Just.*, 742 F.2d 1484, 1490, 1492 (D.C. Cir. 1984)). The third factor—the degree to which an agency has used the document—is usually decisive.[1] *Danik v. Dep't of Just.*, 463 F. Supp. 3d 1, 7 (D.D.C. 2020) (citing *Jud. Watch, Inc. v. Fed. Hous. Fin. Agency*, 646 F.3d 924, 927-28 (D.C. Cir. 2011)).

Here, the declarations of Amanda Rasinski with CBP and Laura R. Stein with the State Department establish that any CBP Admissibility Review Office decision about a waiver recommendation is a State Department record intended for use by the State Department in its visa adjudication duties, and therefore CBP does not "control" the record under FOIA. Concerning the first factor of the *Burka* analysis, although an employee from the Admissibility Review Office may contribute to a record about a waiver recommendation, CBP does not intend to retain control over it. The decision is entered in the Admissibility Review Information Service, a feature of a State Department software application (the Non-Immigrant Visa System) contained on a State Department database (the Consular Consolidated Database) to help the State Department adjudicate visas, among other things. Rasinski Decl. ¶ 6; Stein Decl. ¶ 7. CBP does not maintain a copy of the full decision in any of its own databases. Rasinski Decl. ¶ 12.

When the CBP employee logs in to the Admissibility Review Information Service, the employee is warned in bold at the bottom: "This record cannot be transferred or reproduced in its entirety without the permission of the Department of State—Bureau of Consular Affairs (Visa Services)." Rasinski Decl. ¶ 9. Under a Memorandum of Agreement between the Department of Homeland Security and the State Department, the former "shall obtain [the Department of] State's

---

[1] Although the D.C. Circuit has consistently found that "use is the decisive factor," and "use" appears in the second factor, not the third, the D.C. Circuit was referencing the third factor. *See Jud. Watch*, 646 F.3d at 927.

consent before disclosing, reproducing, transmitting, or copying for disclosure a visa record . . . or any portion of information from a visa record . . . , adjudications, and statistics to parties outside [the Department of Homeland Security] including, but not limited to, third parties, other U.S. Government Agencies/Offices, requests from Congress, the Government Accountability Office, courts, and FOIA." Rasinski Decl. ¶ 10; *see also* Stein Decl. 5. Therefore, although a CBP employee may contribute to a record about a waiver decision, the intent is clearly to relinquish that control to the State Department to perform its visa adjudication duties, and, under the first factor of the *Burka* analysis, any record at issue here would be a State Department record.

Regarding the second factor, CBP cannot use, and indeed does not use the document after it adds its contribution to it, and since it does not maintain a copy of the full decision in any of its own databases, it has no record to dispose of. *See* Rasinski Decl. ¶ 12. The State Department, however, does use the decision and can dispose of it if the disposition follows its records disposition schedule. Stein Decl. ¶¶ 4, 6. For a Consular Consolidated Database record related to a nonimmigrant visa case that was refused, as is the case here, the State Department would retain it for either twenty-five or 100 years, depending on the nature of the refusal. *Id.* ¶ 6. The second factor of the *Burka* analysis, again, indicates that any record at issue here is controlled by the State Department, not CBP, and is a State Department record under FOIA.

For the third factor—the decisive one—as has been stated throughout in some form or another, CBP does not rely on its decision about a waiver recommendation entered through the Admissibility Review Information Service into the Consular Consolidated Database. The State Department, however, does. The decision is crucial to the State Department in the performance of its statutory obligation of determining whether to issue, refuse, or revoke a visa. Stein Decl. ¶¶ 2, 4. This third factor alone—the decisive one—establishes that any record at issue here is not

6

controlled by CBP but instead by the State Department and is a State Department record under FOIA.

Lastly, for the fourth factor, as has been repeatedly said, CBP maintains no copy of the full waiver decision in any of its databases. Rasinski Decl. ¶ 12. And to the extent that Plaintiff argues that CBP could have or should have maintained a copy of its own decision, they most certainly do not. *See Engergy Pol'y Advocs. v. Dep't of the Interior*, Civ. A. No. 21-1411 (JDB), 2023 WL 2585761, at *4 (D.D.C. Mar. 21, 2023) (citing *Forsham v. Harris*, 445 U.S. 169, 182 (1980)) ("Courts—including the Supreme Court—have frequently held that documents that arguably *could be* captured and stored, but were not, are not 'agency records' for FOIA purposes." (emphasis in original)). The decision and rationale are maintained only in a State Department database (the Consular Consolidated Database) for a State Department purpose. When a CBP employee accesses that database, the employee is advised: "[y]our computer is connected to a United States Department of State computer system." Rasinski Decl. ¶ 7. The banner across the screen displays "U.S. Department of State" and "Bureau of Consular Affairs." *Id.* There is no reference to the Admissibility Review Office, CBP, or the Department of Homeland Security. *Id.*

The Consular Consolidated Database User Authentication Page has the same Department of State, Bureau of Consular Affairs banner on top and the user is advised, "This computer is a Department of State computer system." *Id.* ¶ 8. Again, there is no reference to the Admissibility Review Office, CBP, or the Department of Homeland Security. *Id.* And once access is granted to the Admissibility Review Information Service Lookup Report Parameter Form, the user is advised, "Do not access this information in anything other than an official capacity, and do not share it without permission of the Department of State." *Id.* ¶ 9. The top of the page also has a banner for "The United States Department of State – Bureau of Consular Affairs," and there is, again, no

reference to the Admissibility Review Office, CBP, or the Department of Homeland Security. *Id.* The fourth factor of the *Burka* analysis, in sum, also establishes that the State Department controls the requested records at issue, not CBP.

Under a totality of the circumstances analysis, all the *Burka* factors conclusively show that any such record created here is not controlled by CBP. It is controlled by the State Department and is therefore a State Department record under FOIA, which also happens to be exempt from disclosure through 8 U.S.C. § 1202(f) and Exemption 3.

## CONCLUSION

As the Court remarked in another similar case:

> [I]t is worth noting that Plaintiff attempts to obtain records from GSA that it almost certainly could not obtain in full directly from the Department of Justice. Had Plaintiff sought the same records from the Department of Justice, the Department surely would have asserted multiple Exemptions—including Exemption 3 (grand jury material) and Exemption 7 (law enforcement records)—to avoid disclosure. It cannot be that FOIA permits a requester to avoid applicable law enforcement-related exemptions simply by going to the agency that is the physical repository of that material. That would be the odd result here if the court were to embrace Plaintiff's position.

*Democracy Forward Found. v. Gen. Servs. Admin.*, 393 F. Supp. 3d 45, 56 (D.D.C. 2019).

Here too, it cannot be that a plaintiff can circumvent the confidentiality provision of 8 U.S.C. § 1202(f) under FOIA by submitting a request directly to the Department of Homeland Security or CBP instead of the State Department for records that clearly pertain to a visa adjudication and fall under Exemption 3. "That would be the odd result here if the court were to embrace Plaintiff's position." *Cf. Democracy Forward*, 393 F. Supp. 3d at 56.

\* \* \*

For the foregoing reasons, the Court should grant Defendants' Motion for Summary Judgment.

Date:  June 29, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/ Sam Escher
     SAM ESCHER, D.C. Bar #1655538
     Assistant United States Attorney
     601 D Street, N.W.
     Washington, D.C. 20530
     (202) 252-2531
     Sam.Escher@usdoj.gov

*Attorneys for the United States of America*